IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CV-00290-DSC |
| | ) | MJ LENIHAN |
| v. | ) | |
| | ) | ECF NO. 146 |
| THE HON. JUDGE LAWRENCE J. O'TOOLE, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS ADMINISTRATIVE JUDGE FOR THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY ORPHANS' COURT DIVISION; MICHAEL MCGEEVER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF ALLEGHENY COUNTY DEPT. OF COURT RECORDS WILLS/ORPHANS' COURT DIVISION; MELISSA DIESEL, INDIVIDUALLY; AND WILLIAM TENNEY, INDIVIDUALLY; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's "First Motion for Reconsideration Re: Magistrate Judge's Order (ECF No. 129) Terminating Judges Durkin, Judge Manning, Timothy Finnerty, and James Uziel" (ECF No. 146).

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. *Id.* at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in the law has occurred, (2) new

evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Granting a motion for reconsideration is an extraordinary remedy, and therefore, is granted sparingly. *Id.* at 504 (citing *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513 (D.N.J. 1996) (other citation omitted)).

Here, the motion for reconsideration must be denied. Plaintiff does not argue that an intervening change in the law has occurred. Plaintiff does not suggest that new evidence not previously available has emerged, or that there is a need to correct a clear error of law or prevent an injustice. Plaintiff argues only that in a footnote in her (Amended) Amended/Second Amended Complaint, she indicated that she intends to file a Separate Motion to Transfer. (ECF No. 146 ¶ 2.) Plaintiff's (Amended) Amended/Second Amended Complaint, however, indicates that Defendant Durkin, Finnerty, and Uziel are no longer named Defendants.[1]

The law is clear that named defendants must be listed in the caption of a complaint and in the body of a complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *see also* Fed. R. Civ. P. 10(b) (a plaintiff must state his or her claims against the defendants). Here, Plaintiff specifically deletes certain parties from the Caption of the case and omits any reference to them in the (Amended) Amended/Second Amended Complaint (ECF No. 125).

In addition, this Court has no power to transfer these formerly named defendants to state court. Plaintiff, however, may file a civil action against them in state court. These former defendants were administratively terminated on the docket, but their voluntary dismissal by

---

[1] Defendant Manning had been terminated from this civil action on March 14, 2018. Due to a clerical error, the Court's Order of November 30, 2018 (ECF No. 129) mistakenly ordered that he be terminated. *See* Fed. R. Civ. P. 60(a).

2

Plaintiff is a dismissal without prejudice to Plaintiff's filing an action against them in state court. *See* Fed. R. Civ. P. 41(a).

Finally, as stated in this Court's Order of November 30, 2018 (ECF No. 129), the Court will permit no further amendments to the (Amended) Amended/Second Amended Complaint.

Therefore, Plaintiff's motion for reconsideration (ECF No. 146) will be denied.

## ORDER

**AND NOW** this 20th day of December, 2018, it is hereby **ORDERED** that Plaintiff's "First Motion for Reconsideration Re: Magistrate Judge's Order (ECF No. 129) Terminating Judges Durkin, Judge Manning, Timothy Finnerty, and James Uziel" (ECF No. 146) is **DENIED.**

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order objected to and the basis for the objection. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

BY THE COURT

LISA PUPO LENIHAN
United States Magistrate Judge